By an amended petition interrogatories on facts and articles were propounded to all the defendants, which, on the day of trial, were taken as confessed, except as to defendant Anderson, and upon the introduction of further evidence, judgment was rendered against the other defendants, who have appealed.

The prescriptions pleaded do not apply, as the account is not open, but closed by the written approval of C. C. Pickett, the captain of the boat, and is prescribed by ten years. 14 A. 654 ; 20 A. 116.

It is objected that the interrogatories were erroneously taken as confessed, because—

*First*—There was no order of court to answer. This was not necessary, as the defendants were not required to answer in open court. 11 A. 173; 14 L. 260; 10 L. 546 ; 7 L. 522.

*Secondly*—Because a failure, by one of the defendants, Hudspeth, sued as administrator, to answer, could not bind the estate. We know of no law to sustain this position. It has been held that interrogatories may be propounded to an executor (6 M. 730), and an administrator is no more exempt. The latter is presumed to know the property belonging to the estate administered by him.

*Thirdly*—Because the service, on two of the defendants, Pitro and Pickett, was constructive and not personal, and as to them, the judgment is erroneous.

The service upon each was made in conformity to article 189, C. P. A *personal* service is not required. The case in 2 A. page 11, does not hold that personal service is necessary, but that a special notice of the order (where one is required), and of the day fixed for answering, must be given to the party interrogated, and that a notice to answer on the day of trial, without specifying the day, is insufficient. This authority does not apply to the case at bar.

We find no error in the judgment.

It is therefore ordered that the judgment of the District Court be affirmed with costs.

Rehearing refused.

---

No. 692.—L. ROEICHAUX *v.* II. BOUILLET, Wife, etc.

The holder of a promissory note cannot be permitted to prove by interrogatories propounded to the husband, in a suit against the wife, that the note sued on was signed by him as her agent.

APPEAL from the District Court, parish of St. Mary. *Gates,* J. *J. G. Oliver & Dumartrait,* for plaintiff and appellee, *A. L. Tucker,* for defendant and appellant.

HOWELL, J. This suit is brought to recover the amount of a note subscribed in 1861, by "Vve. G. Bouillet per B. Martel," from the

8·5

defendant, Hermina Bouillet, wife of said B. Martel, and sole, unconditional heir of said Vve. G. Bouillet, who died in 1862.

The answer is a general denial.

Our attention is first directed to a bill of exceptions taken by the defendant to the admission of her husband's answers to interrogatories, as evidence against her, to prove his authority as agent of the deceased, to sign the note sued on. The objection of the defendant, that her husband could not be a witness for or against her, was well taken and should have been sustained. C. C. 2260; Simmons v. Sheriff, 21 A. 421.

Without this evidence there is no express and special authority shown in B. Martel to make and sign notes for the deceased, as required by article 2966. The plaintiff has consequently failed to make out his case.

It is therefore ordered that the judgment appealed from be reversed and that there be judgment of nonsuit in favor of defendant with costs in both courts.

---

No. 638.—GEORGE GLIDDON et al. v. DANIEL GOOS.

*Parol evidence is inadmissible to prove a service of citation or copy of petition.*

APPEAL from the Eighth Judicial District Court, parish of Calcasieu. *Bailey*, J. *Louis Lereque* for plaintiff and appellee, *George H. Wells* for defendant and appellant.

TALIAFERRO, J. This is a suit to revive a judgment.

The defendant, by his counsel, filed a peremptory exception, alleging that plaintiffs have no cause of action because the plaintiffs do not aver that they are the owners of the judgment sought to be revived, nor that defendant is indebted to them. He further excepts that no authority is shown in John S. Walton, who, in the petition, purports to act as the agent of the other plaintiffs.

The exception we think was correctly overruled.

The petition, in respect to the parties named as plaintiffs, is to some extent indistinct, but it is sufficiently clear who are the parties suing and the purpose for which they sue. The petition is that of Gliddon, Palmer, McLean and Elizabeth Clark, of the parish of Orleans, and of Walton, of the city of New Orleans "agent and attorney in fact" of the four persons named. These parties, as plaintiffs, aver that "on the twenty-seventh of March, 1858, the said plaintiffs herein, Gliddon, Palmer, McLean and Elizabeth Clark, in this court obtained a final judgment against the defendant for $1250," etc.; that "they are desirous of having the said judgment revived in the manner and form prescribed by law," "wherefore, the premises considered, your petitioners pray," etc. Here we think is an allegation of a sufficient right to ask for the revival of the judgment. The addition of the name of Walton, the attorney in fact, as a party plaintiff, to those of his